# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES GABBY,
        Plaintiff,

     v.                                                            Case No. 04C0476

DR. MEYER, DR. LUY,
SHARI HEINZ, SUSAN KOON,
JOHN DOES 1-2, JOHN DOE 3,
and UNKNOWN,
        Defendants.

## DECISION AND ORDER

Plaintiff Charles Gabby, a Wisconsin state prisoner, brings this pro se § 1983 action alleging that on two occasions prison medical personnel violated his rights under the Eighth Amendment by providing him with inadequate medical care.[1] First, plaintiff alleges that in the fall of 2000 when he was incarcerated at Dodge County Correctional Institution ("DCI"), defendants Meyer and Luy, prison doctors, and Susan Koon, a prison nurse, failed to timely arrange for him to be treated by specialists at the University of Wisconsin Hospital ("UW"), where he was ultimately discovered to have throat cancer. Second, plaintiff alleges that in the summer of 2001, when he was incarcerated at Fox Lake Correctional Institution ("FLCI"), Luy and prison nurse Shari Heinz failed to timely arrange for him to be treated at UW after a fall caused a surgical wound in his throat to open. Defendants now

---

[1] Plaintiff also brings an Equal Protection claim against defendant Luy, a prison doctor, as well as claims against several John Doe defendants.

move for summary judgment arguing that plaintiff failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

## I. FACTS

With respect to his first claim, plaintiff alleges that in September 2000, he reported experiencing throat pain. His condition rapidly worsened such that he was unable to sleep and swallow most foods, and his voice became increasingly raspy. Plaintiff repeatedly complained about DCI's failure to provide adequate treatment and to arrange for him to be seen at UW, and on November 1, 2000, he filed an inmate complaint. On November 21, 2000, DCI transferred plaintiff to FLCI, and several days later, FLCI transferred him to UW where specialists diagnosed throat cancer and on December 4, 2000, operated on his throat. He remained at UW until January 23, 2001.

With respect to his second claim, plaintiff alleges that in 2001, doctors discovered another tumor and on July 9, 2001, performed a left neck dissection after which he had multiple stitches in the neck, chin and throat area. On July 20, 2001, he filed an inmate complaint alleging that defendants had unreasonably delayed removing his stitches. Soon after, prison medical personnel removed the stitches. On July 22, 2001, plaintiff slipped and fell on a wet floor causing the suture line to open. Plaintiff began asking defendants to move him to UW before closing the wound so specialists could examine his throat to ensure that there were no complications. However, he remained at FLCI for approximately two weeks with an open wound, and on August 5, 2001, one of his arteries burst, and he started to bleed profusely. Prison officials transported him to the emergency room at Waupun Hospital where he received fluids, and then a Flight for Life helicopter took him to UW. At UW, doctors first repaired his blood vessel to prevent another artery burst.

Subsequently, doctors performed a debridement procedure to remove neck tissue that had died as the result of the wound being left open. On September 24, doctors reconstructed plaintiff's throat, but the size of his throat passage has been considerably reduced.

## II. DISCUSSION

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Defendants contend that plaintiff failed to exhaust his administrative remedies in connection with both of his claims. Title 42 U.S.C. § 1997e(a) bars suits by prisoners "with respect to prison conditions . . . until such administrative remedies as are available are exhausted." Complaints alleging improper medical treatment in a prison are complaints about "prison conditions" and subject to the exhaustion requirement. See Davis v. Streekstra, 227 F.3d 759, 761 (7th Cir. 2000) (citing McCarthy v. Bronson, 500 U.S. 136 (1991)). However, failure to exhaust is not jurisdictional, Greene v. Meese, 875 F.2d 639, 643 (7th Cir. 1989), but rather is an affirmative defense, Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999).

3

In order to establish that a plaintiff failed to exhaust, a defendant must first demonstrate that an administrative remedy was "available." To satisfy this requirement, the defendant must show that the agency in question had authority to provide "some redress" for the alleged wrong. Booth v. Churner, 532 U.S. 731, 736 (2001). "Without the possibility of some relief, the administrative officers would presumably have no authority to act on the subject of the complaint, leaving the inmate with nothing to exhaust." Id. at 736 n.4. For example:

> It is possible to imagine cases in which the harm is done and no further administrative action could supply any remedy. . . . Suppose the prisoner breaks his leg and claims delay in setting the bone is cruel and unusual punishment. If the injury has healed by the time the suit begins, nothing other than damages could be a 'remedy' and if the administrative process cannot provide compensation then there is no administrative remedy to exhaust.

Perez v. Wis. Dep't of Corrections, 182 F.3d 532, 537 (7th Cir. 1999); see also Ross v. County of Bernalillo, 365 F.3d 1181, 1187 (10th Cir. 2004) (stating that prisoners "need not engage in entirely fruitless exercises when no form of relief is available at all"); Gomez v. Winslow, 177 F. Supp. 2d 977, 983-85 (N.D. Cal. 2001) (stating that where inmate brought grievance alleging inadequate medical care and subsequently received proper treatment, he did not have to appeal denial of grievance because his complaint had been addressed); Nitz v. French, No. 01-C-0229, 2001 WL 747445 (N.D. Ill. July 2, 2001) (stating that where inmate filed grievance against guard for failing to protect him and was subsequently transferred to a different cell, inmate received all the relief that administrative procedure could provide and was not required to appeal denial of grievance).

Even if the defendant establishes that an administrative procedure could supply a remedy, circumstances might nevertheless exist that would render the administrative

4

remedy unavailable. For example, prison officials might prevent an inmate from making use of the administrative remedy. See, e.g., Lewis v. Washington, 300 F.3d 829, 835 (7th Cir. 2002) (stating that prison officials' failure to respond to a prisoner's claim may render administrative remedies "unavailable" for purposes of exhaustion under the PLRA); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (stating that "[a] remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)"). Or a prisoner might have a medical condition rendering him unable to exercise his right to invoke an administrative procedure. See, e.g., Days v. Johnson, 322 F.3d 863, 867 (5th Cir. 2003) (stating that a medical condition preventing plaintiff from complying with an administrative scheme may render administrative remedies "unavailable").

With the foregoing principles in mind, I turn to the question of whether, in the present case, administrative remedies were available to plaintiff. With respect to his first claim, defendants argue that plaintiff failed to exhaust by not appealing DCI's failure to act on his November 1, 2000 grievance complaining about defendants' failure to transfer him to UW. However, an appeal would not have supplied plaintiff with relief because when the right to appeal accrued, prison officials had already transferred him to UW and thus provided the relief that he had requested. Moreover, he had already incurred the harm that he alleges resulted from the delay. Pursuant to Wis. Admin. Code § 310.12(3), plaintiff's right to appeal accrued on approximately December 4, 2000, twenty-three working days after he had filed the complaint without receiving a response, but by that time he had been moved to UW. Because DCI could not have supplied further relief, plaintiff had no

available administrative remedy to exhaust.[2] Therefore, he is entitled to proceed on his first claim.

Defendants also argue that plaintiff failed to exhaust available administrative remedies in connection with his second claim. Once again, I reject defendants' argument. On July 20, 2001, plaintiff filed an inmate grievance complaining that defendants had failed to remove the stitches in his throat and neck. Soon after he filed the complaint, defendants removed the stitches. Thus, defendants provided plaintiff with the relief that he requested making it unnecessary for him to further use the administrative process for the purpose of having the stitches removed. With respect to his claim that defendants failed to timely arrange for his transport to UW so that specialists could examine his throat before closing the wound, defendants ultimately did arrange for such transport although after plaintiff's artery burst. Therefore, plaintiff could not have used the administrative process to obtain relief both because he had already sustained the harm that he alleges resulted from the delay and because he received relief. Thus, for the reasons discussed, an administrative remedy was unavailable, making exhaustion unnecessary. Therefore, plaintiff may proceed on his second claim.

### III. CONCLUSION

For the reasons stated,

**IT IS ORDERED** that defendants' motion for summary judgment based on plaintiff's failure to exhaust available administrative remedies (Docket # 12) is **DENIED.**

---

[2]Even assuming that an administrative procedure could have supplied relief, on December 4, plaintiff underwent surgery for throat cancer and may well have been physically unable to make use of it. He was hospitalized until January 23, 2001. See Days, 322 F.3d at 867.

6

**IT IS FURTHER ORDERED** that defendants' request to stay discovery pending resolution of this motion is **DENIED AS MOOT.**

Dated at Milwaukee, Wisconsin, this 30 day of September, 2005.

/s_____
LYNN ADELMAN
District Judge