# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES GABBY,
    Plaintiff,

v.                                      Case No. 04-C-0476

GARY MAIER, M.D.,
DR. LUY, SHARI HEINZ,
SUSAN KOON, JOHN DOES 1-3
and UNKNOWN,
    Defendants.

## DECISION AND ORDER

Plaintiff Charles Gabby, who at all times relevant to this action was incarcerated at Fox Lake Correctional Institution, lodged this pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights.[1] On February 14, 2005, he was permitted to proceed on in forma pauperis on claims under the Equal Protection Clause of the Fourteenth Amendment, the Eighth Amendment, and the Americans with Disabilities Act (ADA). Currently pending are the following motions: (1) defendants' second motion for summary judgment; (2) defendants' amended motion for summary judgment; (3) plaintiff's motion to compel discovery; and (4) plaintiff's motion for sanctions. I will address each motion herein.

---

[1] In Gabby v. Luy, Case No. 05-C-188, which is also pending in the Eastern District, plaintiff filed a letter with the court on May 15, 2006, indicating that has been released from prison. However, plaintiff has not submitted any filing in this case notifying the court of his release. Plaintiff is hereby advised that he must notify the Clerk of Court of any change of address in all the cases he currently has pending in this district, including the present case. Failure to do so could result in orders or other information not being timely delivered, thus affecting the rights of the parties.

# I. DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

On November 23, 2005, defendants filed a second motion for summary judgment. Then, on November 29, 2005, defendants submitted an amended motion for summary judgment, incorporating by reference their prior summary judgment motion, brief in support of the motion and affidavits.

Pursuant to Civil L.R. 56.1, movants to provide pro se plaintiffs with the text of the relevant Federal Rules and their local counterparts so that they are on notice of the consequences of failing to respond to a motion for summary judgment. Pro se litigants "are entitled to notice of the consequences of failing to respond to a summary judgment motion." Timms v. Frank, 953 F.2d 281, 285 (7th Cir. 1992) A district court cannot properly rule on a motion for summary judgment without providing the opposing party a "reasonable opportunity" to contradict the material facts asserted by the movant. See Lewis v. Faulkner, 689 F.2d 100, 101 (7th Cir. 1982).

In this case, neither the second motion for summary judgment nor the amended motion for summary judgment contains the required notice statement. Specifically, defendants' second motion for summary judgment does not contain Fed.R.Civ.P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, or Civil L.R. 7.1. Defendants' amended motion for summary judgment contains the "short and plain" statement, as well as Civil Local Rule 7.1 and Fed. R. Civ. P 56(e) and (f). However, the amended motion does not include Local Rules 56.1 or 56.2. Rule 56.2 sets forth summary judgment response procedures, such as response requirements, response deadlines, and the applicable standard of law in summary judgment motions. Based on defendants' failure to comply with the Local Rules, I will deny their motion for summary judgment.

However, I will deny defendants' summary judgment motions for other reasons as well. Defendants contend that they are entitled to summary judgment with respect to plaintiff's Eighth Amendment medical care claim.[2] Specifically, they assert that plaintiff was provided adequate medical care for throat cancer. In support of their contention, defendants rely solely upon the affidavit of Dr. Enrique Luy, who states that his affidavit is "based on [his] own personal knowledge and [his] review of [plaintiff]'s medical records." (Affidavit of Enrique Luy, M.D. [Luy Aff.] ¶1). In considering a motion for summary judgment, I may consider any materials that would be admissible or usable at trial, including properly authenticated and admissible documents. Woods v. City of Chicago, 234 F.3d 979, 988 (7th Cir. 2000). Federal Rule of Civil Procedure 56(e) provides that an affidavit may be considered at summary judgment if it is made on personal knowledge, would be admissible at trial, and shows that the affiant is competent to testify to the matters therein. Rule 56(e) also "requires that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit." Scott v. Edinburg, 346 F.3d 752, 760 n.7 (7th Cir. 2003) (citing 10A Charles Alan Wright et al., Federal Practice and Procedure § 2272 at 379-380 & 382-84 (1984)).

In this case, defendants have relied entirely upon Dr. Luy's affidavit to prove their claim that plaintiff was provided adequate medical care. In particular, pages six through nineteen of defendants' brief in support of motion for summary judgment, which references information in plaintiff's medical records, quotes verbatim from pages one to fifteen of Dr.

---

[2]Notably, defendants' motion does not address plaintiff's Fourteenth Amendment equal protection, Americans with Disabilities Act (ADA) or Eighth Amendment medical care restraint claims.

3

Luy's affidavit. (See Defendants' Brief in Support of Motion for Summary Judgment at 1-20; Luy Aff. at 1-15). However, defendants have failed to submit with Dr. Luy's affidavit a copy of plaintiff's medical records.[3] Further, plaintiff's medical records are not otherwise accessible because they never have been made a part of the record in this case. Thus, the evidence defendants have submitted in support of their Eighth Amendment argument fails to comply with Fed. R. Civ. P. 56(e), and it is therefore inadmissible at summary judgment. Accordingly, defendants' motions for summary judgment will be denied.[4]

---

[3] This is particularly troubling because Dr. Luy's affidavit recounts conversations between plaintiff and other medical professionals where Dr. Luy was not present. For example, the affidavit states:

> Dr. Hariri's oncology consultation note from the UW also stated that the combined neck modality therapy with primary surgery and adjuvant radiation therapy was reviewed in the head/neck oncology tumor board and that [plaintiff] had consented to this approach after time spent in direct discussion with him about the cancer therapy options for his advanced head/neck malignancy.
>
> On March 20, 2001, [plaintiff] was admitted to the UW [for] an open biopsy of left neck mass. This procedure revealed a large amount of fluid and cystic lesion, which tissue biopsy confirmed recurrent cancer. The UW ENT Department consulted with Dr. Tannehill, a Radiation Oncologist at UW. Dr. Tannehill recommended to proceed with radiation therapy but some dental extractions had to be made. Dr. Tannehill informed [plaintiff] of the comprehensive curative radiation to both necks followed by left selective neck dissection (surgery). Dr. Tannehill also discussed with Mr. Gabby the acute and late side effects associated with radiation therapy.

(Luy Aff. ¶¶ 13; 25).

[4] I note that defendants Maier, Heinz and Koon have argued that they should be dismissed from this action for lack of personal involvement. However, given that Maier, Heinz and Koon are all alleged to be involved in plaintiff's Eighth Amendment medical care claim, I believe that their dismissal would be premature when I have yet to address the merits of this claim.

4

## II. MOTIONS TO COMPEL AND STAY DISCOVERY

On November 18, 2005, plaintiff filed a motion to compel discovery. In particular, he seeks to compel defendants to respond to his "First Request for Production of Documents" and "First Set of Interrogatories." (Plaintiff's Motion to Compel at 2). Defendants have refused to respond to plaintiff's discovery requests, contending that the requests are premature and that plaintiff can obtain copies of his medical records from the Fox Lake Correctional Institution (FLCI). In their motion for summary judgment, defendants request that I stay all discovery pending resolution of the summary judgment motion. They state no grounds for this request. However, I assume that the request is based on the grounds of qualified immunity. "The Supreme Court has instructed that trial courts not only may but should decide the legal issue of qualified immunity in § 1983 cases before allowing discovery." Landstrom v. Ill. Dept. of Children and Family Srvs., 892 F.2d 670, 674 (7th Cir.1990) (citing Anderson v. Creighton, 483 U.S. 635, 646(1986)). However, qualified immunity is an affirmative defense and "the burden of pleading it rests with the defendant." Crawford-El v. Britton, 523 U.S. 574, 587 (1998). I note that, in the present matter, defendants only argue qualified immunity on plaintiff's claims regarding his placement in four-point restraint while hospitalized. Plaintiff has several remaining claims including equal protection claims, Eighth Amendment cruel and unusual punishment claims regarding plaintiff's allegedly inadequate medical care, and claims under the Americans with Disabilities Act (ADA). Thus, even assuming defendants are entitled to qualified immunity on plaintiff's restraint claims, this does not affect plaintiff's ability to obtain discovery with respect to his remaining claims. Moreover, plaintiff's discovery requests appear to pertain only to his equal protection, Eighth Amendment medical care, and ADA claims. For these

5

reasons, and because I have denied defendants' motion for summary judgment for failing to comply with procedural requirements, I will not address their sole qualified immunity argument at this time.

Thus, I will now address plaintiff's motion to compel discovery. Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. See Fed. R. Civ. P. 37(a)(2) and (3). The party seeking discovery must first direct his request to the opposing party. See Civ. L.R. 37.1 (E.D. Wis.). If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Id. If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). A review of the docket in this case reveals that on October 26, and December 8, 2005, plaintiff sent defendants his "First Request for Production of Documents," and on October 31, and December 9, 2005, plaintiff served defendants with his "First Set of Interrogatories." Furthermore, on December 15, 2005, plaintiff wrote to Attorney General Peggy Lautenschlager, counsel for defendants, asking for a response to his discovery requests. Finally, on March 13, 2006, plaintiff submitted to the court a written statement indicating that defendants have ignored his discovery demands. As of March 16, 2006, defendants had not provided plaintiff with any of the information he requested. Accordingly, I find that plaintiff has demonstrated that court intervention is appropriate.

A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. EEOC v. Klockner H & K Mach., Inc., 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted). In exercising its discretion, the court must be mindful that

6

parties are permitted to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Fed. R. Civ. P. 26(b)(1).

A.    **Request for Production of Documents**

Plaintiff has asked defendants to produce the following documents:

1. Any and all medical records and medical x-rays of plaintiff from date of entry into the Department of Corrections through and including the date of [defendants'] response to this request.

2. Any and all policies, procedures, regulations, instructions, notes, memoranda, internal communications and directives in effect from date of plaintiff's entry into the Department of Corrections Prison System through and including the date of [defendants] response to this request concerning initial and on-going medical treatment and examinations of inmates incarcerated within said prison system.

3. Any notes, documents, letters, memoranda, files, records, record books, logs grievance reports, written communications, and civil actions taken and/or made against each and every defendant.

(Plaintiff's First Request for Production of Documents ¶¶1-3.)

Plaintiff's first document production request seeks copies of his medical records that were created while he was in the custody of the Wisconsin Department of Corrections (DOC). As noted, plaintiff is proceeding on an Eighth Amendment claim that defendants were deliberately indifferent to his serious medical need. Thus, I find that plaintiff's first document production request is relevant to his medical care claim. Notably, defendants have indicated that plaintiff can obtain his DOC medical records from the FLCI Health Services Unit (HSU). However, the fact that documents are available from another source is not a valid basis, by itself, for refusing to produce such documents. See Sabouri v. Ohio Bureau of Empl., No. 2:97-CV-715, 2000 WL 1620915 (S.D. Ohio 2000) (party required to produce a pleading that could also be obtained from courthouse). Moreover, in light of the

7

fact that plaintiff has apparently been released from DOC custody, is not clear that his medical records are still readily available to him. For these reasons, defendants shall be compelled to respond to plaintiff's first document production request.

For his second document production request, plaintiff seeks copies of documents concerning the medical treatment of all DOC inmates. However, plaintiff's request is overly broad because it extends to other inmates' medical records, information which is not relevant to the complaint. See Fed. R. Civ. P. 26(b)(1)(parties are permitted to discover information to the extent it is relevant to the subject matter). Moreover, plaintiff's request is unduly burdensome because it would require excessive compilation of data. For these reasons, defendants will not be compelled to answer plaintiff's second document production request.

Finally, plaintiff requests copies of documents concerning any civil actions made by and taken against defendants. However, this request is also too broad because it extends to information that is not relevant to the subject matter of the complaint. See Fed. R. Civ. P. 26(b)(1). Furthermore, requiring production of each lawsuit defendants have been party to is an unduly burdensome request. Accordingly, defendants shall not be compelled to respond to plaintiff's third request for production of documents.

**B.     Interrogatories**

Plaintiff has propounded upon defendants the following interrogatories:

1. Identify any and all documents relating to prison medical center admission policies and procedures.

2. Identify any and all documents relating to prison medical center release policies and procedures.

8

> 3. Identify any and all documents relating to prison medical center policies concerning the admittance and/or treatment of inmate patients with cancer.
>
> 4. Identify and and (sic) all documents relating to prison medical center policies and procedures concerning prison medical staff training and education.
>
> 5. Identify any and all documents relating to prison medical center policies and procedures relating to the Americans with Disabilities Act.
>
> 6. Identify any and all John Does, Unknowns and/or parties who were on duty at the prison medical centers located at Dodge and Fox Lake Correctional Institutions at any time, on all dates relevant to this action.
>
> 7. Identify any persons, inmates or otherwise, who have made or filed any complaint, grievance, criticism, censure, reprimand or rebuke directed towards defendant with regard to incidents of medical mis-diagnosis, improper medical prescription distribution, and medical neglect from date of plaintiff's enterance (sic) into the Wisconsin (DOC) Prison System through and including the date of your response to this request.

(Plaintiff's First Set of Interrogatories at 3-4).

In interrogatories one, two, three and five, plaintiff requests information about medical center policies concerning patient admissions and release, cancer treatment and the ADA. As noted, plaintiff has stated claims under the Eighth Amendment and the ADA. Thus, I find that these four requests are relevant to the subject matter of this case. Accordingly, defendants shall be compelled to respond to interrogatories one, two, three and five.

In interrogatory four, plaintiff requests information about defendants' medical training and education. However, defendants' training and education are not at issue in any of the claims on which plaintiff is proceeding. Accordingly, it is unclear how such information is relevant to this action. Thus, defendants will not be compelled to respond to interrogatory four.

Finally, in interrogatory six, plaintiff requests the identities of prison officials who were working at the medical centers at FLCI and Dodge Correctional Institution (DCI) when the

9

events giving rise to the complaint occurred. A review of the docket in this case reveals that plaintiff has indicated since the commencement of this action that he does not know the names of all the responsible defendants. In particular, he has not identified John Does 1 and 2 (physicians at Dodge Correctional Institution (DCI)), John Doe 3 (a prison official at FLCI), and Unknown, (a guard at the University of Wisconsin Hospital (UW)). On February 15, 2005, defendant John Doe 3 was dismissed from this action. Accordingly, defendants shall be compelled to respond to this interrogatory to the extent plaintiff requests the names of prison officials who were on duty at DCI medical center on the dates relevant to this action.[5] Because John Doe 3 is dismissed, it is unnecessary for defendants to provide plaintiff with information concerning prison officials working at the FLCI medical center.

## III. PLAINTIFF'S MOTION FOR SANCTIONS

On March 13, 2006, plaintiff filed a motion to sanction defendants for failing to comply with his discovery requests. Federal Rule of Civil Procedure 37(b) authorizes the court in which an action is pending to impose sanctions against a party who fails to obey a court order regarding discovery. In this case, I have not issued a discovery order with which the defendants have failed to comply. Thus, plaintiff's motion for Rule 37 sanctions must be denied.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that defendants' second motion for summary judgment (Doc. #30) is **DENIED.**

---

[5]If plaintiff is still unable to name all defendants, the court will assist him. Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

10

**IT IS FURTHER ORDERED** that defendants' amended motion for summary judgment (Doc. # 38) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (Doc. # 26) is **GRANTED IN PART AND DENIED IN PART** as described herein.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions (Doc. #47) is **DENIED.**

Dated at Milwaukee, Wisconsin, this 27 day of September, 2006.

/s_____
LYNN ADELMAN
District Judge

11